By the Court.—Freedman, J.
—The action was brought for the conversion of moneys consisting of rents collected by the defendant as plaintiff’s agent. The defendant was arrested and gave bail. He also answered putting in issue *390 the amount claimed by the plaintiff and setting up counterclaims of which he served a bill of- particulars. The counter-claims were put in issue by a reply. The issues were referred to a referee to hear and determine the same. The defendant appeared before the referee by counsel, and, after having obtained an adjournment, proceeded with the trial on the day to which it stood adjourned, and in the course of it expressly waived the cross-examination of plaintiff’s witnesses. Plaintiff proved her case by these witnesses and rested. Defendant’s counsel obtained another adjournment, and on a subsequent day the defendant was sworn and his examination in his own behalf commenced. Before he had said anything material, he stopped, refused to offer any further testimony, and left the room. Thereupon, the referee determined the amount due to the plaintiff, and upon his report judgment was on October 16, 1882, entered in favor of the plaintiff against the defendant for $2,618.60.
On October 18, 1882, execution-against the property was issued and returned unsatisfied December 4, 1882. On December 23, 1882, execution against the person was issued, and while that was still outstanding, the defendant, on April 6,1883, obtained an order to show cause from the chief judge of this court why said judgment should not be opened, vacated and set aside, and why defendant should not be restored to his hearing therein, and for such other relief, etc.” This motion was, after argument, denied by the chief judge, and the denial was accompanied by the following opinion, viz : “ There is no ground on which the judgment can be opened, there being no default, no surprise, no inadvertence. In addition to this, the laches have been so great that to overlook .them wbuld be a bad precedent. Motion denied.” On May 1, 1883, an order denying the motion was duly entered. On May 16,1883, the defendant obtained from another judge another order to show cause, and therefore, after opposition and hearing, the following order, which is the order appealed from, was entered Lon May 25, 1883, viz: “That the judgment be opened so *391 ' far as to permit, and this action is hereby referred back ta the referee by whom the same was tried, to take the cross-examination of the witnesses of the plaintiff ; defendant to produce such witnesses and such testimony as the defendant may be advised to submit, and report the same with his opinion thereon to the court; that the said judgment meanwhile stand as security, and that in all other respects the said motion be denied, without costs to either party as against the other. And it is further ordered, that the referee proceed on one day’s notice by the attorney for the defendant.”
This order should not be allowed to stand for two reasons. (1.) Because no leave to renew the motion had been obtained ; and (2.) Because it would have been improper on an original motion.
As to the first: The first and the second motion were essentially the same. Both were addressed to the discretion of the court. Aside from a few additional, but wholly immaterial facts, concerning which there was not even the pretence that they had been discovered since the first motion, there were no facts presented on the second motion which were not presented on the first. The affidavits were simply re-shaped to conceal, if possible, their identity in substance, and even then a balance was admitted to remain due to the plaintiff. Under such circumstances, failure to ask for and obtain leave to renew, is ground for reversal. This is within the decision of this court in Hall v. Emmons (32 Super. Ct. 396), so far as the same was approved by the court of appeals in 9 Abb. Pr. N. S. 370.
As to the second : On the second motion the defendant failed, as he had done on the first, to establish a default, surprise, inadvertence, or excusable neglect. His laches remained about the same. Beyond all that no authority can be found for making the order in the form it was made. It is an order directing a referee to take, after trial and judgment upon the merits, testimony concerning the issues and to report the same with an opinion. For what purpose the order does not specify. It cannot be for the informa *392 tion of the court in'determining the motion, for the motion, was determined by granting to the defendant a re-hearing-in the manner specified and denying him any other-relief. But if it were, it would involve an improper mode of taking proof in support of a motion. The order’clearly is one which directs the taking of testimony generally concerning-the merits of an action already determined to enable thecóurt to judge, at a subsequent period, and on a new application to be made for the purpose, whether the issues were-correctly determined. In other words, the order is intended, to serve as the foundation for a future review of the j udgment on the merits. In this aspect the new difficulty presents itself that, on tbe coming in of the testimony with, the referee’s opinion thereon, t'he. court could not act on it, for a judgmeni on a referee’s report cannot be reviewed in such manner, and by such means, any more than a judgment entered upon • the verdict of a jury. The remedy is-by appeal.
If the case were a proper one, we might perhaps-remodel the order so as to provide for an opening of the-judgment and a re-trial of all the issues by the referee.. This could only be done, if at all, upon terms. But upon the facts as presented I do not think it should be done.
The order appealed from should be reversed with costs..
Sedgwick, Ch. J., concurred.